THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IRON PASHA, INC.,<br><br>               Plaintiff,<br><br>    vs.<br><br>SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO., LTD; HONG KONG CHAIN GLORY SHIPPING CO., LTD; GRAND CHINA LOGISTICS HOLDING (GROUP) COMPANY LIMITED; and HNA GROUP CO., LTD,<br><br>               Defendants. | IN ADMIRALTY<br><br>CASE NO.: C12-0621 JLR<br><br>MOTION FOR RECONSIDERATION<br><br>NOTE ON MOTION CALENDAR:<br><br>September 30, 2013 |

Motions for reconsideration are disfavored and "the court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling. . ." LCR 7(h)(1). Plaintiff will respectfully show that dispositive legal authority, in the form of U.S. Supreme Court precedent, was cited in Plaintiff's briefing, but its controlling effect on the issue at hand was not underscored in argument, as it might have been, perhaps causing the Court to overlook it, and consequently omit its guidance from its *ratio decidendi*, thereby making an order (Dkt. #58) that contains a manifest error of law. The error of law is that the Court concluded that Plaintiff failed to prove that the intangible attached, Hainan Airline's stock, of which HNA owns 7.2% directly and 23.1% indirectly through an intermediary holding company (Grand China Air. Co., Ltd.)[1], in the hands of its corporate issuer—garnishee Hainan Airlines, who is a resident of the district and subject to the

---

[1] *See*, First Amended Complaint (DKT # 15 and Exhibit 5 thereto).

MOTION FOR RECONSIDERATION - 1
(C12-0621 JLR)

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

Court's jurisdiction—had a *situs* within the district for purposes of *quasi in rem* jurisdiction. Despite the undisputed fact that Hainan Airlines has offices and tangible assets within the district, where it carries on business, the Court concluded that the attachment under Rule B is unsustainable (Dkt. # 58, 9-10). HNA's stock holdings in Hainan Airlines are intangible property owned by HNA. As explained below, it was manifest error to conclude that the *situs* of HNA's stock holdings in Hainan Airlines is not where Hainan Airlines has a physical presence and tangible assets, *i.e.*, the Western District of Washington.

The requirement imposed by the Court is contrary to fundamental rules governing maritime attachment and garnishment of intangibles established by the United States Supreme Court in a decision that has stood for some 188 years as the very foundation of this provisional remedy in Admiralty. *Manro v. Almeida*, 23 U.S. 473, 492 (1825),[2] expressly asked the question "what goods and chattels the attachment may issue, <u>where situated</u>, and whether against credits and effects in the hands of third persons, but not tangible or accessible to the Marshal..." (emphasis added) and the answer it gave is: ". . . that it is consistent with the practice of the admiralty also, in cases where there is no property which the officer can attach by manucaption, to proceed to attach goods or credits in the hands of third persons, by means of the simple service of a notice." *Id*. at 493. Specifically, the Supreme Court held that "goods and credits in the hands of a third person, <u>wherever situated</u>, may be attached by notice [to that person]." *Id*. (emphasis added). The context shows that "wherever situated" refers to the goods and credits and not to the garnishee - because a person not within the district cannot be made a garnishee. Of course, intangibles cannot be attached "by manucaption;" they can only be attached by giving notice and instructions to the third party

---

[2] *Manro v. Almeida* is cited as the very foundation of the maritime provisional remedy of rule B in the following federal appellate court cases: *Swift Co Packers v. Compania Colombiana Del Caribe* 339 U.S. 684,693 (1950); *In re Louisville*, 134 U.S. 488, 490 (1890); *United States v. Ames*, 99 U.S. 35, 36 (1878); *The Wanata*, 95 U.S. 600, 611(1877); *Trans-Asiatic Oil Ltd. S.A. v. Apex Oil Co.*, 743 F.2d 956, 961 (1st Cir.1984); *Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44 , 47 (2nd Cir.1996); *Proshipline Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960,972 (9th Cir., 2010); *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 636 ( 9th Cir. 1982); and countless other appellate and district court decisions.

MOTION FOR RECONSIDERATION - 2
(C12-0621 JLR)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

holding the defendant's credits and effects, *i.e.,* the garnishee who is present and can be served in the district.

Plaintiff cited *Manro v Almeida* in its briefing (Dkt. #54 at p. 3, fn. 1), but not with reference to the issue of *situs* of HNA's intangible property in the hands of Hainan Airlines. However Plaintiff's briefing did spell out *Manro's* rule which is, in relevant part, as directly quoted in *Miller v. United States* 78 U.S. 268, 297-98 (1870), and replicated in Plaintiff's briefing: "The language of this court was that, as goods and credits, in the hands of a third person, <u>wherever situated</u>, may be attached by notice…." *See* Dkt. #54 at p. 3 (quoting *Miller*) (*emphasis added*). *Miller v. United States* also held that "in admiralty practice, rights in action, things intangible, as stocks and credits, are attached by notice to the debtor, or holder, without the aid of any statute." 78 U.S. at 298. The view that corporate stocks are intangible choses or things in action is accepted throughout the jurisprudence of the United States Supreme Court.[3] The Court questioned Plaintiff's statement that the *situs* of Hainan's stock, as an intangible, "is immaterial" and noted that it was made without citation to authority (Dkt. #58, at p. 10). In its briefing, Plaintiff analogized to the Supreme Court's treatment of debts (also intangibles): "It is certainly so in the case where the intangible to be garnished is a debt. In such cases, the debt follows the debtor," referring in fn. 8 to *Harris v. Balk*, 198 U.S. 215, 222-26 (1905). *See* Dkt. #54, at p. 10. The *Harris* Court, responding to a contention similar to that of the garnishee and the defendants in the instant case, regarding the "*situs*" of the debt which was garnished, held:

> <u>We do not see the materiality of the expression 'situs of the debt,' when used in connection with attachment proceedings. If by situs is meant the place of the creation of the debt, that fact is immaterial.</u> If it be meant that the obligation to pay the debt can only be enforced at the situs thus fixed, we think it plainly untrue. The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes. He is as much bound to pay his debt in a foreign state when therein sued upon his obligation by his creditor, as he was in the state where the debt was contracted.

---

[3] *See e.g. First Nat Bank of Boston v. State of Maine*, 284 U.S. 312, 328 (1932) (overruled on other grounds by *State Tax Commission of Utah v. Aldrich*, 316 U.S. 174, (1942); *Blodgett v. Silberman* 277 U.S. 1, 17, (1928); *Union Refrigerator Transit Company v. Commonwealth of Kentucky*, 199 U.S. 194, (1905); *Adams Exp. Co. v. Ohio State Auditor*, 166 U.S. 185, 223 -224 (1897); *Miller v. United States*, 78 U.S. at 298.

MOTION FOR RECONSIDERATION - 3
(C12-0621 JLR)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

*Id.* (emphasis added). Plaintiff also noted, with specific reference to the *situs* of stocks the view of the U.S. Supreme Court in *Standard Oil Co v. State of New Jersey*, 341 U.S. 428, 439-40 (1951), which is harmonious and parallel with that of *Harris v Balk; Miller v. United States;* and *Manro v Almeida, i.e.*:

> control over them [intangibles] can only arise from control or power over the persons whose relationships are the source of the rights and obligations. Situs of an intangible is fictional but control over parties whose judicially coerced action can make effective rights created by the chose in action enables the court with such control to dispose of the rights of the parties to the intangible.

*See* Dkt. #54 at p.10. (quoting *Standard Oil Co*).[4]

By showing that Hainan Airlines is present, doing business, holds tangible property and carries on business within the district, Plaintiff established that HNA has intangible property within the district. As a holder of at least 7.2% of Hainan Airlines' stock, HNA has a significant intangible interest in Hainan Airlines. By requiring Plaintiff to show that the attached Hainan stock itself had a *situs* within the district over, above, and in addition to the presence of the garnishee Hainan Airlines, the Court restricted the reach of Admiralty attachment of intangibles (which by definition are not themselves capable of "manucaption") to intangibles situated in the district. This is contrary to the dictates of the U.S. Supreme Court, which has specifically held that wherever they are situated, intangibles may be attached in the hands of the garnishee. *Manro v. Almeida*, 23 U.S. 473, 493; *Miller v. United States* 78 U.S. 297-98 (1870).

Such a restriction is not imposed even by Rule B(1) itself. Rather, the condition it imposes is that if the Defendant cannot be found in the district, tangible or intangible property in the hands

---

[4] The overwhelming majority of U.S. courts hold that stock is an intangible representing obligations of the issuer (here Hainan Airlines) to the shareholder (here HNA) and that intangible obligation is located wherever the issuer is subject to the jurisdiction of the court. *See, e.g., Comm'r of Internal Revenue v. Scatena*, 85 F.2d 729, 732 (9th Cir. 1936) ("A certificate of stock… is a symbol or paper evidence of the ownership of shares; it is not the stock itself."); *Algren v. Algren*, 2009-Ohio-3009, 183 Ohio App. 3d 114, 120, 916 N.E.2d 491, 496 (2009) ("It is important… not to confuse the intangible share – what is actually owned – with the tangible piece of paper, which merely represents the thing owned."); *Steen & Berg Co. v. Berg*, 2006 ND 86, 713 N.W.2d 87, 91 (same); *Davis v. Smith*, 23 N.C. App. 657, 660-61, 209 S.E.2d 852, 854 (1974) (same); *Vandivort v. Dodds Truck Line, Inc.*, 444 S.W.2d 229, 231 (Mo. Ct. App. 1969) ("[S]hares of stock are simply units of interest in the corporation' evidencing 'an intangible right to participate according to the amount of stock held, in the immunities and benefits of the corporation….").

MOTION FOR RECONSIDERATION - 4
(C12-0621 JLR)

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

1    of a garnishee may be attached. Rule B (1)(a). At the very core of *Manro v. Almeida*, is a
2    distinction between those instances in which corporeal property of the defendant can be found in
3    the district and attached by manucaption, and those instances (such as here) in which physical
4    property of the defendant (HNA) cannot be found, but "goods and credits in the hands of a third
5    person, wherever situated, may be attached by notice[,]" 23 U.S. at 493, and in both instances the
6    court must issue the writ of attachment. *Id.; see also*, *The Alpena*, 7 F. 361, 1881 U.S. Dist. LEXIS
7    96, *5 (E.D. Mich. 1881); *Kingston Dry Dock Co. v. Lake Champlain Transp. Co*., 31 F.2d 265,
8    1929 U.S. App. LEXIS 3434, ** 3 (2nd Cir. 1929). Consequently, it is manifest error to refuse
9    continuing the attachment where it is uncontested that Hainan Airlines is present in the district and
10   owes substantial obligations to HNA, who owns at least 7.2% (and, indirectly, much more) of the
11   stock of Hainan Airlines, which stock, as an intangible, is present in the district because Hainan
12   Airlines is here. *See, e.g., Adams Exp. Co. v. Ohio State Auditor*, 166 U.S. 185, 223 -224 (1897).

13       When the courts in *Equatorial Marine Fuel Mgmt. Servs. Pte. Ltd. v. MISC Berhard*, 591 F
14   3d 1208, 1210 (9th Cir. 2010) and *Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty, Ltd*, 460 F3d
15   434, 445 (2nd Cir. 2006) set out as a necessary condition of Rule B attachment that "property of
16   the defendant can be found within the district" they did not contradict "the fact that choses in
17   action, stock certificates and dividends held by the corporation, are property[,]" *Standard Oil Co*.
18   341 U.S. at 439, and that ". . .power to seize the debt by jurisdiction over the debtor provides not
19   only the basis for notice to the absent owner but also for taking over the debt from the debtor." *Id.*
20   Nor do they contradict *Manro,* that intangible property in the hands of a garnishee served in the
21   district is effectively attached wherever that intangible property is situated. 23 U.S. at 493. The
22   reason is that intangible property really refers to the obligations owed by the garnishee to the
23   defendant and those obligations, in turn, are "located" wherever the garnishee may be found. In
24   other words, notice to the garnishee who owes the obligation to the defendant, attaches the
25   obligation, *i.e.*, the defendant's intangible property (which, per *Harris v. Balk*, follows the
26   garnishee/obligor).

MOTION FOR RECONSIDERATION - 5
(C12-0621 JLR)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

The question of whether maritime attachment is proper in this case, is not (and cannot be), a question of state law or foreign law. The right to proceed by foreign attachment rests upon the power of the Supreme Court (title 28, § 723, of the U.S. Code; 28 USCA § 723) to regulate practice in the admiralty. *Kingston Dry Dock Co.,* 1929 U.S. App. LEXIS 3434 at **2. "The Supreme Court rule, following very ancient practice, provides that the libellant may attach the respondent's "goods and chattels, or credits and effects in the hands of garnishees." *Id*. "Attachment in the admiralty, from the time of Clerke's Praxis, included what we now call garnishment; that is, a levy upon debts owed a respondent." *Id*. at **3. Federal courts are not dependent upon State legislation for power to lay hold of property. *Miller v. United States*, 78 U.S. 268, 297 (1870). State law that may restrict the attachment of intangibles in the hands of garnishees is preempted by federal maritime law and cannot be allowed to affect the uniformity of federal maritime law. *Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co*., 85 F.3d 44, 47- 49 (2nd Cir. 1996); *see also Wachovia Bank, N/A v. M/Y Just a Notion*, 2010 U.S. Dist. LEXIS 91104, *8-10 (S.D.C.A. 2010). For the same reason, foreign law cannot be allowed to determine what foreign owned property may be attached under Rule B process. If this was the case "… the jurisdiction of a federal admiralty court would be dependent upon the peculiarities of particular foreign law and jurisdiction would vary from nation to nation. Such an interpretation [of the] court's admiralty jurisdiction would be contrary to the principal purpose behind the creation of federal admiralty jurisdiction — the establishment of a general system of maritime law . . . with uniform operation." *Wall Street Traders, Inc. v. Sociedad Espanola*, 245 F. Supp. 344, 350 (S.D.N.Y., 1964) (citing *Detroit Trust Co. v. The Thomas Barlum*, 293 U.S. 21 (U.S. 1934)).

## CONCLUSION

It is respectfully submitted, for the reasons discussed in the foregoing, that the Court's order dismissing the attachment was based on manifest error of law. For this reason Plaintiff respectfully requests the Court to reconsider its Order (Dkt. #58) and reinstate the case on the docket with the same status it had before it was dismissed and vacated.

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

| | |
|---|---|
| 1 | |
| 2 | NICOLL BLACK & FEIG PLLC |
| 3 | */s/ Jeremy B. Jones*<br>Christopher W. Nicoll, WSBA #20771<br>Jeremy Jones, WSBA #44138 |
| 4 | *Attorneys for Plaintiff Iron Pasha Inc.* |

OF COUNSEL:

CHALOS & CO, P.C.
George A. Gaitas (Fed. Bar. No. 705176)
(admitted *pro hac vice*)
7210 Tickner Street, Houston, TX 77055
Telephone: (713) 936-2427
Telecopier: (866) 702-4577

      Email: gaitas@chaloslaw.com

(C12-0621 JLR)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Attorneys for Defendants*
*Shanghai Grand China Shipping Development Co., Ltd.*
*Hong Kong Chain Glory Shipping Co., Ltd.*
*Grand China Logistics Holdings (Group) Company Limited, and*
*HNA Group Co. Ltd.*

Robert J Maguire
Zana Bugaighis
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206-622-3150 Telephone
206-757-7700 Facsimile

Derek A. Walker,
Joseph B. Barino, III
CHAFFE MCCALL LLP
1100 Poydras Street, 2300 Energy Centre
New Orleans, Louisiana 703163
504-585-7000 Telephone
504-585-7075 Facsimile

*Attorneys for Garnishee Hainan Airlines Co. Ltd.*
D Bruce Lamka
BAETZ/LAMKA LLP
601 UNION STREET, STE 3100
SEATTLE, WA 98101
206-667-8294
Email: brucelamka@gmail.com

MOTION FOR RECONSIDERATION - 8
(C12-0621 JLR)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

Hall Baetz
LAW OFFICES OF HALL BAETZ
601 UNION STREET
STE 3100
SEATTLE, WA 98101
206-667-8294
Email: hallbaetz@comcast.net

       */s/ Jeremy B. Jones*
       Jeremy Jones, WSBA #44138
       *Attorneys for Plaintiff Iron Pasha Inc.*

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555